The First Trust Joint Stock Land Bank of Chicago, Appellant, v. Robert Worrell et al., Appellees.

**Gen. No. 9,084.**

Opinion filed September 3, 1936.

A. L. & C. M. GRANGER, of Kankakee, for appellant.

VERNON G. BUTZ, of Kankakee, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

The First Trust Joint Land Bank, of Chicago, on May 15, 1935, started suit in the circuit court of Kankakee county, to foreclose a mortgage for $22,600 on a farm of 226 acres in Kankakee county, Illinois. The principal defendants were Robert and Margaret Maude Worrell. There were other defendants and interests set forth in the complaint, but these are not involved in this appeal. The complaint alleges the making of a mortgage, the default in payment of interest, and that the holders of the note and mortgage had exercised their option to accelerate the debt and declare the whole debt due.

Several of the defendants filed answers to the bill. The answer of Robert and Margaret Worrell admits the defaults alleged, but denies the right of the complainant to accelerate the debt. The defendants averred that they, at the plaintiff's request, applied for a loan from the Federal Land Bank of St. Louis, and the Land Bank Commissioner, who agreed to loan them $21,500, if that amount would pay all their debts and release the liens against their property; that the complainant agreed to accept $19,900, of this amount in full payment of its debt, and that their 20 or 30 other creditors agreed to accept five per cent of their claim in full settlement of their debts; that it took months to complete the negotiations and at much expense to the defendants; that since April 19, 1935, the plaintiff refused to accept $19,900, which the defendants aver they stand ready and willing to pay. The answer asks that the complaint be dismissed.

The plaintiffs replied to this answer and averred that its offer to accept $19,900 was solely on the condition that the payment was to be made on or before February 1, 1935, but they later extended the time of payment to March 1, 1935, and then to April 19, 1935. They deny the acceptance of the proposed settlement by all the other creditors. They deny that the defend-

ant could obtain a loan from the Federal Land Bank of St. Louis; and they also deny making any agreement on April 19, 1935, to accept $19,900.

On the hearing of the case, the court entered a decree of foreclosure in the usual form, finding the facts as alleged in the bill of complaint with the following additions. "That Robert and Margaret Maude Worrell, at the request and inducement of plaintiff, applied to the Land Bank and Commissioner for a loan, and these agencies agreed in writing to grant them a loan of $21,500.00, provided it pay all their indebtedness in full and release all liens against the premises described in the complaint; that the said premises be offered by the said Robert Worrell and Margaret Maude Worrell as first mortgage security; that said Worrells, through their agent, John Krueger, submitted to plaintiff a request in writing to accept $19,900.00, in full settlement of said mortgage, which request plaintiff granted and by its written agreement and correspondence with these defendants and the Federal Land Bank, agreed in writing to accept the $19,900.00, in full settlement; that the said Worrells submitted a proposition of settlement to all their creditors, from twenty to thirty individuals in number, with claims aggregating approximately $10,000.00, to settle these claims for about 5 per cent thereof, and had meetings with these creditors and with plaintiff, and all of the said creditors agreed, as a result to accept a small percentage in satisfaction of their claims; that plaintiff in said meeting, by its agent, agreed orally in said meeting and later by correspondence in writing to accept $19,900.00, in full settlement of said note and mortgage; that several months were required for these negotiations with creditors, of which plaintiff was informed and to which it consented."

The decree further finds, "that plaintiff as recently as April 4, 1935, by letter mailed to Robert Worrell and John Krueger, still agreed to accept $19,900.00,

out of said loan, but subsequent to April 19, 1935, plaintiff refused and still does refuse to accept said amount in full satisfaction of said note and mortgage; that plaintiff has, by its acts and conduct, and by its written agreement herein set forth, entered into a mutual agreement with the defendants, Robert Worrell and Margaret Maude Worrell and all of their respective creditors, to accept the sum of $19,900.00, in full satisfaction of said note and mortgage, providing however that said defendants pay said sum of $19,900.00, to the plaintiff within a reasonable time thereafter.

"It is ordered and decreed, that plaintiff has a first and prior lien on the premises. The court then orders the defendants or some of them pay to plaintiff within 60 days from date of decree $19,900, with lawful interest from February 1, 1935, until paid and that plaintiff accept same in full satisfaction of its note and mortgage, cancel and release same; that if defendants fail so to pay $19,900, within 60 days or to pay $25,824.82, within five days of the expiration of the 60-day period, with interest and costs, the mortgaged premises be sold to satisfy the debt, interest, costs and expenses." It is from the latter part of this decree that this appeal is prosecuted.

The evidence discloses that the defendants did procure a compromise agreement from all of their creditors and that each had agreed to accept his proportionate amount of the loan they had obtained from the Land Bank and Land Bank Commissioner and that the plaintiff, as one of the creditors, offered to accept $19,900 in full settlement of their claim, with the proviso that it be paid by February 1, 1935. The $19,900 was not paid by the defendants to the complainant on February 15, 1935, and the complainant extended the time to March 1, 1935. Later, the plaintiff extended this time to April 19, 1935. The amount was not paid by April 19, 1935, and the plaintiff immediately gave

notice to the defendants that its compromise offer was withdrawn. There is little, if any, controversy about the facts as above stated.

This court, in the case of *Union Central Life Ins. Co. v. Weber,* 285 Ill. App. 568, had an occasion to pass on the same questions as are presented in this appeal. In the former case, we held that the insurance company was bound by their compromise agreement, when they, the defendants, had offered to perform their part within a reasonable time of the compromise agreement.

This case differs from the *Union Central Life Ins. Co. v. Weber, supra,* in which there is no definite time fixed when the compromised payment should be made. In the present case, there was a definite time fixed and later extended to a definite time. The last time the payment was extended, the plaintiff notified the defendant that the payments must be made by April 19, or the offer would be withdrawn. The defendants did not comply with the plaintiff's demand by making the payment, and under the circumstances, the plaintiff then had a right to repudiate the compromise agreement.

The trial court should have ordered that the mortgaged premises were liable for the full indebtedness of the defendants to the plaintiff, plus the costs of suit, etc. The decree of the circuit court of Kankakee county is hereby reversed and the cause remanded to said court with directions to enter a decree in conformity with the views of this court, as herein expressed.

*Reversed and remanded with directions.*